IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME BLANCHETT, | : | |
|     Petitioner, | : | 1:15-cv-0188 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| KENNETH CAMERON, *et al.*, | : | |
|     Respondents. | : | |

## **MEMORANDUM**

## **May 13, 2019**

On January 27, 2015, Petitioner Jerome Blanchett ("Petitioner" or "Blanchett"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging convictions entered in the Court of Common Pleas of Dauphin County, Pennsylvania in 2009. (Doc. 1). On January 25, 2016, the Court granted Petitioner's motion requesting a stay to afford him the opportunity to pursue a Post Conviction Relief Act ("PCRA") petition, 42 PA. CONS. STAT. §§ 9541-46, based on newly discovered evidence. (Doc. 22).

On January 20, 2018, Petitioner notified the Court that he completed the state court PCRA proceedings and intended on pursuing his federal habeas petition. (Doc. 28). On February 8, 2019, the Court issued an Order lifting the stay and, because it appeared that the petition may be barred by the statute of limitations, in accordance with *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005 (*en banc*), the Court directed the parties to address the timeliness of the

petition and any applicable statutory and/or equitable tolling of the statute of limitations. (Doc. 30). Respondents filed their response on February 22, 2019. (Doc. 31). Petitioner filed a reply on March 15, 2019. (Doc. 32). The petition is ripe for disposition and, for the reasons set forth below, will be dismissed as untimely.

## I.  BACKGROUND

"Following a trial conducted March 30, 2009 through April 2, 2009, a jury found [Petitioner] guilty of four counts of robbery, three counts of criminal conspiracy to commit robbery, and two counts of aggravated assault, arising out of the brutal assaults and robberies of pizza delivery men between March and May 2008… On April 22, 2009, ... the [c]ourt imposed an aggregate sentence of 52 to 104 years['] incarceration in a state correctional institution. [Petitioner] appealed. On April 16, 2010, the Superior Court affirmed the judgment of sentence. On September 13, 2010, the Pennsylvania Supreme Court denied allowance of appeal." *Commonwealth v. Blanchett*, No. 312 MDA 2018, 2018 WL 4443068 *1 (Pa. Super. Sept. 18, 2018) (citation omitted).

On January 19, 2011, Petitioner filed a "Motion to Withdraw Plea" in the Court of Common Pleas of Dauphin County, which the court construed as a Post Conviction Relief Act ("PCRA") petition pursuant to 42 PA. CONS. STAT. §§ 9541-46. (Doc. 17-5). The PCRA court appointed counsel and afforded counsel

several opportunities to amend the PCRA petition. On November 9, 2011, counsel filed a motion to withdraw the petition and a "no merit letter." (Doc. 17-6). The PCRA court granted the motion to withdraw and, on December 6, 2011, dismissed Petitioner's first PCRA petition. (Docs. 17-6, 17-7). Petitioner did not appeal.

On February 7, 2014, Petitioner filed a second PCRA. (Doc. 17-8). On March 19, 2014, the Court "deemed Petitioner's request untimely and apprised [h]im of [their] intent to dismiss." (Doc. 31-2, p. 8). The PCRA court dismissed the petition on April 14, 2014. (*Id*). Petitioner filed a timely appeal and, on December 17, 2014, the Superior Court affirmed the PCRA court. (*Id.*).

Petitioner filed the instant federal petition on January 27, 2015. (Doc. 1). After securing a stay in this Court, on May 6, 2016, he filed a "Motion Requesting Permission to Supplement and/or Amend a Claim of Actual Innocence to the Post Conviction Collateral Relief Act Petitioner Held Before This Court Pursuant to Pa.R.Crim.P. Rule 905," in the Court of Common Pleas of Dauphin County. (Doc. 31-2, p. 9). The court treated the motion as a third PCRA and instructed him to file an amended PCRA; Petitioner filed an amended PCRA as ordered. (*Id.*). On November 9, 2017, the PCRA court notified Petitioner of its intent to dismiss the petition as untimely. (*Id.* at 7-14). In his November 30, 2017 response to the court's notice, Petitioner objected to the determination that his petition was untimely filed. (*Id.* at 15, 16). The PCRA court dismissed the petition on

3

December 6, 2017. (*Id.* at 17). He pursued appellate relief. On September 18, 2018, the Superior Court affirmed the PCRA court's dismissal of the third PCRA as untimely. (Doc. 28, pp. 7-15).

**II.     DISCUSSION**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner's direct appeal proceedings concluded on September 13, 2010, when the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal. His conviction became final ninety days later, on December 12, 2010, when his time to file a petition for writ of certiorari with the United States Supreme Court expired. The statute of limitations period commenced running as of that date and expired one year later. The present petition, filed on July 27, 2015, is patently untimely.

Significantly, the limitation period is not "an inflexible rule requiring dismissal whenever AEDPA's one-year clock has run." *Day v. McDonough*, 547 U.S. 198, 208 (2006). "Instead, the limitation period is subject to both statutory and equitable tolling." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013).

### A. Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28

5

U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

Petitioner successfully tolled the statute of limitations on January 19, 2011, when he filed a timely PCRA petition. At that point, approximately 38 days of the one year limitations period had elapsed. The statute remained tolled until January 5, 2012, or thirty days after the PCRA court dismissed the petition on December 6, 2011. Under Third Circuit law, a PCRA petition is considered "validly pending" from when it is timely filed to the expiration of time for seeking review. *See Swartz v. Meyers*, 204 F.3d 417, 418 (3d Cir. 2000) (holding PCRA petition is pending during time between lower court ruling on petition and expiration of time for seeking review). Once the period for appealing a dismissed PCRA petition expires, the AEDPA's statute of limitations is no longer tolled. *See id.* Because Petitioner failed to appeal the dismissal of his PCRA petition, the statute commenced running on January 5, 2012 and expired 327 days later on November 27, 2012.

On February 7, 2014, approximately 794 days after the dismissal of his first PCRA, and 437 days after the expiration of the AEDPA statute of limitations, Petitioner filed a second PCRA. Because he filed this petition well after the

6

AEDPA statute of limitations expired, it does not operate to toll an already expired statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was filed"). However, even had he filed the second PCRA within the statute of limitations, it would not toll the statute. The PCRA court dismissed the second PCRA as untimely. Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. *See Pace v. Diuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). *See also Merritt v. Blaine*, 326 F.3d at 167-68. Consequently, the instant petition is untimely despite the initial statutory tolling of the limitations period.

     **B.    Equitable Tolling**

Equitable tolling stops the clock when extraordinary circumstances prevent a petitioner from timely filing, thereby rendering strict enforcement of the one-year limitations period unfair. *Wood v. Milyard*, 566 U.S. 463, 469 n.3 (2012); *see also Holland v. Florida*, 560 U.S. 631 (2010). "Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006);

*LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary

8

circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Although Petitioner diligently filed his initial PCRA petition, he failed to appeal the PCRA Court's December 6, 2011 decision to dismiss the petition to the Superior Court or take any additional action for a significant period of time. In fact, more than two years elapsed before he sought additional state court relief. He filed his second PCRA petition 437 days after expiration of the AEDPA statute of limitations and approximately 794 days after the dismissal of his first PCRA. As noted *supra*, the state courts determined the second PCRA to be untimely. Clearly, he failed to exercise reasonable diligence throughout the limitations period.

In addition to his failure to demonstrate the exercise of reasonable diligence in bringing his federal petition, he fails to demonstrate that extraordinary circumstances obstructed his pursuit of relief in either state or federal court. There is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum, or that he was misled by the court regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

9

## III. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate Order will enter.